UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OLGA G.-G., | ) | Case No. ED CV 16-2141-SP |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

**I.**

**<u>INTRODUCTION</u>**

On October 10, 2016, plaintiff Olga G.-G. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of supplemental security income ("SSI"). The parties have fully briefed the matters in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision, whether the Administrative Law Judge ("ALJ") properly considered the opinion of the medical expert.

Memorandum in Support of Plaintiff's Complaint ("P. Mem.") at 2-5; *see* Defendant's Memorandum in Support of Answer ("D. Mem.") at 1-5.

Having carefully studied the parties' memoranda on the issue in dispute, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ properly considered the opinion of the medical expert. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.
## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was forty-six years old on the alleged disability onset date, is a high school graduate who completed two years of college. AR at 114, 267. Plaintiff has past relevant work as a telemarketer, collection clerk, inventory clerk, and door-to-door salesperson. *Id*. at 44.

Plaintiff first filed an application for SSI on December 4, 2009, which was denied initially. *Id*. at 115. On January 26, 2011, plaintiff filed another application for SSI. *Id*. at 12, 115. An administrative law judge denied the application on January 24, 2013, and this court affirmed the denial on May 29, 2014 in case number ED CV 13-810-SP. *Id*. at 12, 98-108, 115.

On May 7, 2013, plaintiff filed a third application for SSI, alleging a disability onset date of November 11, 2009 due to a tumor in the left frontal lobe, osteoarthritis, diabetes, migraines, tendinitis in the bilateral shoulders, high blood pressure, memory loss, ulcers, fibromyalgia, and asthma. *Id*. at 114-15. The Commissioner denied plaintiff's application initially and upon reconsideration, after which she filed a request for a hearing. *Id*. at 162-80.

On April 1, 2015, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id*. at 28-60. The ALJ also heard testimony from Dr. Lynne Jahnke, a medical expert, and David Rinehart, a vocational expert. *Id*. at

35-48. On May 7, 2015, the ALJ denied plaintiff's claim for benefits. *Id*. at 12-23.

The ALJ first recognized that plaintiff had been previously found not disabled and therefore there was a rebuttable presumption of continuing non-disability. *Id*. at 12. However, the ALJ found that plaintiff submitted evidence of a changed circumstance and rebutted the presumption. *Id*.

Applying the well-known five-step sequential evaluation process then, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since May 7, 2013, the application date.[1] *Id*. at 15.

At step two, the ALJ found plaintiff suffered from the following severe impairments: bilateral shoulder impingement; low back strain; degenerative joint disease of the hip; and osteoarthritis of the left hand and cervical spine. *Id*.

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id*. at 17.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[2] and determined she had the RFC to perform a range of sedentary work, with the limitations that plaintiff could: lift and carry ten pounds occasionally and five pounds frequently; sit for six hours with an at will sit/stand option to stand up and stretch for one to two minutes every hour at the worksite; stand and walk for thirty minutes at one time for a maximum of two hours in an eight-hour workday;

---

[1] Although plaintiff alleges an onset date of November 11, 2009, plaintiff is only entitled to SSI benefits as of the date of her application. *See* 20 C.F.R. § 416.335.

[2] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

occasionally climb stairs and ramps, balance, stoop, crouch, crawl, kneel, and engage in extended reaching to the waist level with both hands; and frequently reach downward bilaterally, handle, and finger. *Id*. The ALJ prohibited plaintiff from: climbing ladders, ropes, and scaffolds; working with vibratory tools or instruments; squatting; working at unprotected heights or around unprotected, moving machinery; exposure to extreme cold or heat; and reaching with both hands overhead. *Id*.

The ALJ found, at step four, that plaintiff was able to perform her past relevant work as a telemarketer and collections clerk. *Id*. at 22. Consequently, the ALJ concluded plaintiff did not suffer from a disability as defined by the Social Security Act. *Id.* at 22-23.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. *Id.* at 1-4. The ALJ's decision stands as the final decision of the Commissioner.

### III.
### STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such

"relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## **DISCUSSION**

Plaintiff contends the ALJ failed to properly consider the opinion of Dr. Lynne Jahnke, the medical expert. P. Mem. at 2-5. Specifically, plaintiff argues the ALJ improperly rejected Dr. Jahnke's opinion that plaintiff's migraines and lower back pain would cause her to miss three or four days of work a month without providing specific and legitimate reasons. *Id.*

In determining whether a claimant has a medically determinable impairment, among the evidence the ALJ considers is medical evidence. 20 C.F.R. § 416.927(b).[3] In evaluating medical opinions, the regulations distinguish among three types of physicians: (1) treating physicians; (2) examining physicians; and (3) non-examining physicians. 20 C.F.R. § 416.927(c), (e); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). "Generally, a treating physician's

---

[3] All citations to the Code of Federal Regulations refer to regulations applicable to claims filed before March 27, 2017.

5

opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 416.927(c)(1)-(2). The opinion of the treating physician is generally given the greatest weight because the treating physician is employed to cure and has a greater opportunity to understand and observe a claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Nonetheless, the ALJ is not bound by the opinion of the treating physician. *Smolen*, 80 F.3d at 1285. If a treating physician's opinion is uncontradicted, the ALJ must provide clear and convincing reasons for giving it less weight. *Lester*, 81 F.3d at 830. If the treating physician's opinion is contradicted by other opinions, the ALJ must provide specific and legitimate reasons supported by substantial evidence for rejecting it. *Id.* at 830. Likewise, the ALJ must provide specific and legitimate reasons supported by substantial evidence for rejecting the contradicted opinions of examining physicians. *Id.* at 830-31. The opinion of a non-examining physician, standing alone, cannot constitute substantial evidence. *Widmark v. Barnhart*, 454 F.3d 1063, 1066 n.2 (9th Cir. 2006); *Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999); *see also Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993).

Dr. Jahnke, a hematologist and oncologist, reviewed plaintiff's medical records and provided her opinion at the hearing.[4] AR at 35-43, 225. In relevant part, Dr. Jahnke testified that the combination of plaintiff's fibromyalgia, shoulder impingement, and degenerative disc disease would cause plaintiff to miss three to four days of work a month. *Id.* at 38. Later in her testimony, Dr. Janhke also opined that plaintiff would miss three to four days of work a month due to her

---

[4] The ALJ stated that Dr. Jahnke was a board-certified internist but her resume does not reflect such certification. *See* AR at 225.

migraines and lower back pain. *Id*. at 41-42.

In reaching his RFC determination, the ALJ rejected this portion of Dr. Jahnke's opinion because there was no objective medical evidence to support the fibromyalgia and continued headaches diagnoses. *Id*. at 19, 21. With regard to the fibromyalgia diagnosis, the ALJ observed that the medical evidence did not contain examination findings that satisfied the diagnostic criteria of Social Security Ruling 12-2p or the American College of Rheumatology. *Id*. The ALJ noted that the diagnosis appeared to be based on plaintiff's own complaints of whole body pain and those were insufficient. *Id*. As for plaintiff's migraines, the ALJ found that there was no evidence of continued, persistent headaches during the relevant period. *Id*. The ALJ's reasons for rejecting this portion of Dr. Jahnke's opinion were specific and legitimate and supported by substantial evidence.

As an initial matter, plaintiff incorrectly contends that Dr. Jahnke only opined she would miss three to four days of work each month due to her migraines and lower back pain, and did not include other impairments such as fibromyalgia. *See* P. Mem. at 2-4. Dr. Jahnke first testified that a combination of plaintiff's fibromyalgia, shoulder impingement, and degenerative disc disease would cause her to miss three to four days of work, and later – after the ALJ questioned Dr. Jahnke about the fibromyalgia – Dr. Jahnke testified that plaintiff's migraines and lower back pain would cause the absences. *See* AR at 38, 41-42. Although the testimony was not completely clear on this point, the ALJ reasonably concluded that Dr. Jahnke's opinion was that a combination of all these impairments would cause plaintiff to miss three to four days of work each month.

Having established that Dr. Jahnke opined a combination of plaintiff's impairments would cause her to miss work, the ALJ properly discounted the opinion because the diagnoses of fibromyalgia and migraine headaches were not supported by the medical evidence. No physician performed an examination to

determine whether plaintiff exhibited the criteria required for a fibromyalgia diagnosis. *See Revels v. Berryhill*, 874 F.3d 648, 656-57 (9th Cir. 2017) (discussing the criteria required for diagnosing fibromyalgia). And some physicians opined plaintiff suffered from various forms of arthritis or chronic pain syndrome rather than fibromyalgia. *See, e.g.,* AR at 795, 879, 883-84; *see also Revels*, 874 F.3d at 656-57 (one diagnostic criteria for fibromyalgia is evidence that other disorders are not accounting for the pain). As for migraines, although plaintiff reported a history of headaches, plaintiff only complained of and sought treatment for a migraine once during the relevant period. *See* AR at 1035. Indeed, plaintiff does not contest that there is an absence of objective evidence supporting the fibromyalgia and headaches diagnoses. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (arguments not raised before the District Court are generally waived).

Instead, plaintiff contends that her lower back pain alone was severe enough to cause her to miss three to four days of work each month. *See* P. Mem. at 5. Neither Dr. Jahnke nor any other physician offered such an opinion. Dr. Jahnke testified that plaintiff's lower back pain, in combination with several of her other impairments, would cause her to miss work. AR at 38, 41-42. Moreover, Dr. Jahnke testified that the plaintiff's degenerative disc disease, which caused the lower back pain, was not at listing level. *See id*. at 37-38. It was therefore reasonable for the ALJ to interpret Dr. Jahnke's testimony as being that plaintiff would need to miss work due to a combination of impairments, including fibromyalgia and migraines, and not one such as back pain by itself.

Accordingly, the ALJ cited specific and legitimate reasons supported by substantial evidence for rejecting Dr. Jahnke's opinion that plaintiff would need to miss three to four days of work each month. There was an absence of evidence to support two of the contributory bases of Dr. Jahnke's opinion, and the ALJ

reasonably concluded the RFC sufficiently accommodated the remaining impairments.

## V.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: March 18, 2019

_____
SHERI PYM
United States Magistrate Judge